Johnny Jonathan ZEBEDEUS;
Irene Kathleen Zebedeus;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–70754.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.[*]

Filed Dec. 26, 2008.

Kaaren Lynn Barr, Law Offices of Karen L. Barr, Seattle, WA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA 98104 Anh–Thu P. Mai–Windle, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

### MEMORANDUM **

Johnny Jonathan Zebedeus, his wife, and two children, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.

The agency denied Zebedeus' asylum application as time-barred. Petitioners do not challenge this finding in their opening brief.

■ Substantial evidence supports the agency's denial of withholding of removal because the harm petitioners suffered on account of their Christian religion does not rise to the level of past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922,

927–29 (9th Cir.2004) applies to Christian Indonesians seeking withholding of removal, petitioners failed to demonstrate that it was more likely than not that they will be persecuted if they return to Indonesia. *See Hoxha,* 319 F.3d at 1184–85. Lastly, the record does not compel the conclusion that there is a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

■ Substantial evidence also supports the agency's denial of CAT relief because petitioners did not establish that it is more likely than not they will be tortured if they return to Indonesia. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

